JOHNSTON BROS. CLAY WORKS, Appellant, v. O'CON-
NELL, et al., Respondents.

(183 N. W. 283.)

(File No. 4871.   Opinion filed June 2, 1921.)

1.   **Sales—Order for Silo Material "Size 20x30"—Subsequent Order
     for Different Size, and Cancelling Former Order—Acknowl-
     edgment of New Order as Cancelling Original, Non-shipment
     of Original Material, Effect of Consent to Cancellation.**

     One of three defendants composing the firm of O. Bros., gave
     plaintiff's agent a written order for material for a silo denom-
     inated as size "20x30;" subsequently defendants, by O. Jr.,
     gave said agent another order for a silo denominated as size
     "20x40," which later order contained the statement. "This is
     to cancel former order for 20x30 silo;" still later the person
     giving the first order gave said salesman a third order for silo
     material denominated as size "16x40," which later order con-
     tained the statement "to cancel order for 20x40 silo now in
     your office."   Later plaintiff acknowledged receipt of the latest
     order, which acknowledgment contained the statement "This
     cancels order 20x40."   The only material ever shipped by plain-
     tiff was that described in the first order; conditions in all or-
     ders being identical.   Defendant refused to pay therefor on
     ground that the order was rejected and that material arrived
     too late for use for the year for which ordered.   Held, that
     plaintiff's contention that said acknowledgment of the last order
     was merely intended as an acknowledgment of the order re-
     ceived, and was not intended as an acceptance of any attempted
     cancellation, is untenable; all the orders having been taken by
     the same salesman, plaintiff's agents, whose knowledge must be
     imputed to plaintiff; moreover, plaintiff never shipped the first
     order, thus clearly recognizing cancellation contained in the
     second order.

2.   **Sales—Order for Material Accepted "Subject to Delays Due to
     Contingencies of Transportation, Strikes," Etc.—Judicial No-
     tice of Labor Conditions, Whether Court Will Take.**

     While trial court might take judicial notice of general labor
     conditions existing in 1919, it could not take notice that such
     condition interfered with plaintiff's business.   So held, in de-
     termining plaintiff's right to recover for a shipment of material
     sent under an order which was accepted "subject to delays due
     to contingencies of transportation, strikes and other causes be-
     yond our control," vendee claiming the material arrived too
     late for use in 1919.

     Appeal from Circuit Court, Lake County.   Hon. LOUIS L.
FLEEGER, Judge.

Action by William Johnston and another, co-partners under the name and style of Johnston Bros. Clay Works, against J. W. O'Connell, Elmer O'Connell and Walter O'Connell, to recover the price of certain silo material shipped by plaintiffs to defendants. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal.    Affirmed.

*Price & Burnquist,* and *Ira F. Blewitt,* for Appellant.

*Porter & Porter,* for Respondents.

WHITING, J.   Plaintiff sued to recover the selling price of certain silo material shipped defendants. The trial court directed a verdict for defendants. From judgment entered thereon and from order denying a new trial this appeal was taken.

The undisputed facts are in brief as follows:  Plaintiff is a partnership doing business at Clayworks, Iowa. It manufactures and sells material for silos. On April 1, 1919, its salesmen procured from defendant J. W. O'Connell a written order for the material for a silo denominated as "size 20x30." The order directed shipment to be made to the purchaser at Ramona, S. D. On April 24, 1919, the same salesmen procured from the defendant a written order for material for a silo denominated as "size 20x40." This order was signed "O'Connell Bros., by J. W. O'Connell, Jr." This order also directed the silo to be shipped to Ramona, and said order contained the statement, "This is to cancel former order for 20x30 silo." On June 30, 1919, the same salesmen procured from J. W. O'Connell a written order for material for a silo denominated as "size 16x40." This order was signed by J. W. O'Connell and it directed material to be shipped to Ramona. This order contained the statement, "To cancel order for 20x40 silo now in your office." On July 7, 1919, plaintiff acknowledged receipt of the order of June 30, 1919, and in such acknowledgment was the statement, "This cancels order 20x40." The only material ever shipped by plaintiff was the material described in the order of April 24. This shipment was made September 6, 1919, and arrived on September 17. The written conditions specified in the several orders were identical. Among other things, they provided that the orders were "accepted subject to delays due to contingencies of transportation, strikes, and other causes beyond our control." When

the material contained in the said shipment reached Ramona, defendants refused to accept same.

Defendants in their answer, admit the giving of the order; admit their refusal to accept and pay for said material; allege that said order was duly revoked and canceled before its acceptance by plaintiffs and long prior to the shipment; and allege that such material was ordered for use for the year 1919, and was shipped too late for use in that year.

[1, 2] Appellants try to avoid the effect of their apparent consent to the cancellation of the order sued on, testifying that the order, which respondents claim contained the cancellation, was an order of J. W. O'Connell and that therefore it did not advise them that O'Connell Bros. were canceling their order. They testified that the acknowledgment of July 7 was merely intended as an acknowledgment of the order received; was made in accordance with the rules of their office; and was in no manner intended to be an acceptance of any attempted cancellation. They also urge that the courts will take judicial notice of labor conditions during 1919, and that they were, owing to such conditions, and because of the provisions of the written order, excused for their delay in shipment. There is no merit in such contentions. These orders were all taken by the same salesmen, agents of appellants—their knowledge must be imputed to appellants. Appellants never shipped the order of April 1, thus clearly recognizing the cancellation contained in the order of April 24, though there was a similar difference in the names of the parties giving the two orders. The acknowledgment of July 7 did not contain a verbatim copy of the order sued on; the order sued on, as above noted contained the statement, "To cancel order for 20x40 silo now in your office," while the acknowledgment stated, "This cancels order 20x40." While the trial court might take judicial notice of the general labor conditions existing in 1919, it could not take notice that such conditions interfered with appellants' business; and appellants wholly failed to offer any proof that the delay in filling this order was because of any labor conditions affecting appellants' business. Appellants clearly ratified respondents' cancellation of the order sued on. Appellants' delay in delivering the material, until such time as made it impossible for

respondents to have the use of the silo in 1919, justified their refusal to accept and pay for same.

The judgment and order appealed from are affirmed.